## CLEMENT *v.* CLEMENT AND TRUSTEE.

One who has received money to pay the interest to another during her life, and then to pay the principal to the defendant, is not chargeable as his trustee in a process of foreign attachment, being answerable for prudence and diligence only, in taking care of the fund.

FOREIGN ATTACHMENT. The trustee disclosed that he had received of the heirs of Bartlett Clement the sum of

two thousand one hundred and eighty-seven dollars and fifty cents, and given an obligation in the following words :

"Know all men by these presents, that whereas, in and by the last will and testament of Bartlett Clement, late of Claremont, deceased, the said Bartlett Clement gave and devised the use and income of his farm, situated in said Claremont, to his wife, Sarah Clement, for and during her natural life, and at her decease he gave and devised said farm to his children, to be equally divided between them; and whereas the said Sarah Clement has sold her right to five-eighth parts of said farm, and Cyrus Clement, Philip S. Clement, Andrew A. Clement, Harriet Clement and Eliza Clark, wife of Erastus Clark, have sold their right and interest in said farm, being five-eighth parts thereof, and the money arising from the sale thereof put and placed in my hands, in trust. Now know ye, that I, Samuel Tutherly, of Claremont, in the county of Sullivan, and State of New Hampshire, esquire, do hereby acknowledge that I have received the sum of two thousand one hundred and eighty-seven dollars and fifty cents, and I hereby promise and engage to put said sum at interest, and the interest thereof to pay to the said Sarah Clement, yearly, each and every year of her natural life, and at her decease, the said sum of two thousand one hundred and eighty-seven dollars and fifty cents I promise and agree to pay to the said Cyrus Clement, Philip S. Clement, Andrew A. Clement, Harriet Clement and Eliza Clark, each their equal share thereof, that is to say, the sum of four hundred and thirty-seven dollars and fifty cents to each of them, their respective heirs and assigns.

"In witness whereof, I have hereunto set my hand and seal, this thirty-first day of March, Anno Domini one thousand eight hundred and forty-seven.

"SAMUEL TUTHERLY." [SEAL.]

He further disclosed that Sarah Clement was still living, at the age of about seventy-six.

Andrew A. Clement, named in the writing, is the defendant in this suit, and the questions arising upon the disclosure were transferred to this court.

*Williamson*, for the plaintiff.

*P. C. Freeman*, for the trustee.

WOODS, J.  The principal defendant in this case, owning one-eighth part of a remainder expectant, upon the determination of a life estate in certain lands, in conjunction with the tenant for life and certain other of the remainder men, sold an undivided portion of the land, and placed the money in the hands of Tutherly, summoned as trustee, for the purposes indicated in the writing which he has set out in the disclosure.  As there is no surmise of fraud, it is not necessary to advert particularly to the interest which the defendant had in the land previous to this arrangement, with reference to its availability in behalf of his creditors.  The interest which he had, he was perfectly competent to part with, for whatever he might deem an equivalent in money, to be paid presently or at a future day, absolutely or upon contingencies.

In fact the life estate and remainder were sold for a gross sum, placed by common consent in the hands of Tutherly, to be farmed for the benefit of the widow during her life, and to be paid at her decease to the several parties entitled, according to the interests in the estate in remainder with which they had parted.  This is what Tutherly has assumed to do ; and the question arises whether this undertaking is in the nature of a debt from him to the defendant, to be paid at all events, upon the decease of the tenant for life, or whether it is a mere undertaking on the part of Tutherly to invest the money so often and so long as, in the exercise of

a sound judgment and prudence, he can, during the life of the widow of the testator, and at her death, to collect the same, so far as it can be collected with reasonable diligence, and pay over so much as he shall be able to collect, to the parties entitled. Whether, in short, by receiving the money, he became the debtor to the parties who placed it in his hands, or their trustee and agent for investing and taking care of it.

We think there are sufficiently clear indications that the relation of trustee was the one which the parties intended to create. It was not designed for the benefit of Tutherly, but for that of the other parties. He does not appear to have borrowed the money, but merely to have assumed the care and custody of it; and although some expressions in the receipt or obligation which he gave might, taken by themselves, import a more stringent and absolute duty, the clear purpose of the whole transaction was to establish the relation and duty of a fiduciary, in respect to the fund, and no other.

As a trustee, he was bound to exercise prudence and diligence, but was not liable to repair any losses incurred through inevitable misfortune. Willis on Trustees 186; 2 Fonb. Eq. 178; *Jones* v. *Lewis*, 2 (Betts) Ves. sen'r. 241. In case of age, sickness or other incapacity, he might resign his trust, or be displaced by the court, and another substituted, upon a bill filed for that purpose. Willis 224 and 145, note r.

To charge the party as garnishee, therefore, in this case, would be to impose upon him altogether different and more onerous burdens than those which he has assumed. He has bound himself to place the fund at interest, and to keep it out, so far as he can, for the benefit of the tenant for life, who parted with her estate upon this express condition. This would make him answerable for the safety and success of such investments, while he has stipntated only to make them with reasonable prudence.

Clement *v.* Clement.

The money in his hands is subject to all the hazards of business, to accidents from fire and floods, and the violence of robbers; and at the decease of the tenant for life, may be wholly lost, from causes over which the trustee has no control, and is not in law responsible for. In this respect, it is no more than a debt payable on a contingency; and, therefore, by the decisions, not a debt for which the trustee can be charged by this process. *Haven* v. *Wentworth*, 2 N. H. Rep. 93; *Randall* v. *Rich*, 11 Mass. 493.

*Trustee discharged.*